## STATE AUTOMOBILE MUTUAL INS CO v COLUMBUS MOTOR EXPRESS et

Ohio Appeals, 2nd Dist, Franklin Co

No 2284.  Decided July 28, 1933

B. B. Bridge, Columbus, and Marshall E. Wilcox, Columbus, for plaintiff in error.

Pretzman, Dillon & Craig, Columbus, for defendant in error.

**OPINION**

By HORNBECK, PJ.

The question presented, as stated in the brief of counsel for plaintiff in error, is whether, in view of the decision of the Supreme Court of Ohio in the case of New Amsterdam Casualty Company v Nadler et, 115 Oh St, 472, an action of this kind can be maintained against an insurance company, * * *. It thus appears that defendant company is relying solely upon the above cited case. Defendants in error contend that the law determined in the cited case is not broad enough in scope to have application to prevent the validity of the judgment in the instant case.

The facts presented require a determination of two propositions: First: Has a liability attached in favor of the insured under the terms of the insurance policy, by reason of the judgment in Licking County? Second: If so, may the avails of the policy, which are due the insured, be subjected to a direct action of the plaintiff Express Company which suffered property damage at the hands of the insured.

The stipulations in the bill of exceptions are short. In part they are as follows:

"It is stipulated between counsel for plaintiff and counsel for defendant that at the time of the accident set forth and the time when the Columbus Motor Express Company, plaintiff, suffered the property damage as set out in its petition, the policy of insurance held by Arthur W. Boda with the defendant, the State Automobile Insurance Company, was in full force and effect and the required premiums on said policy paid at that time."

That:
"The judgment not only covered damages to the truck claimed to have been owned by the plaintiffs, but also loss of use, all of which would be covered, if at all, under this insurance contract by the property damage provision."

The authorities make distinction between what is known as an indemnity contract and a liability contract. **36 C.J. 1057.** The contract under consideration, in our judg-ment, is clearly a liability contract and the liability of the company attaches when there is a final judgment against the insured, i.e., a liability imposed by law upon the assured for damages. If the policy under consideration was what is known as an indemnity contract, the liability of the company would attach only after loss or damages to the insured for which he was liable and had been compelled to pay.

We have no difficulty in answering the first question in the affirmative. The policy of insurance which the insured carried with the defendant company provided in part:

"In consideration of the payment of the premiums hereinafter specified and the declarations set forth in the schedule of warranties hereinafter contained, and subject to the terms, limitations and conditions set forth herein, DOES HEREBY INSURE the Assured named (2) Against loss from liability imposed by law upon the assured for damages on account of damage to or destruction of property of others and loss of use thereof, occurring while this policy is in force, and directly caused by the use or operation for the purposes named in War-

ranty No. 8 hereof any automobile described herein."

A rider on said policy provided that it should cover only such accidents as occurred "while any automobile pleasure car is being operated by Dr. A. W. Boda, who is the assured." The policy further provided:

"G. No action shall lie against the Association to recover upon any claim, or for any loss on account of liability, property damage or cargo, unless brought after the amount of such claim or loss shall have been fixed and rendered certain, either by final judgment against the Assured after trial, or by agreement between the parties with the written consent of the Association, nor in any event unless brought within two years thereafter."

The record discloses that the event against which the insured was protected from liability has occurred; that the assured, while operating a pleasure car, by his negligence directly caused property damage of the property of another, not within the exception of Warranty No. 8 of the policy; that there has been liability for loss imposed by law upon the assured for such damages; that such liability has been imposed within the meaning of Condition (G) heretofore quoted that liability has been established against the assured by final judgment after trial.

Annotation to Fullerton v United States Casualty Co., 6 A.L.R., 380.

Annotation to Hass Tobacco Co. v American Fidelity Co., 13 A.L.R., 136.

Annotation to Witherstine v Employers' Liability Assurance Corporation, 28 A.L.R., 1301.

Annotation to Dickerson v Maryland Casualty Co., 41 A.L.R., 509.

On the second proposition, we believe that the Nadler case, supra, is controlling of the law in the instant case. In this case Nadler was insured with the New Amsterdam Casualty Co. against loss or damage caused in the operation of his automobile. During the life of the policy, an automobile which Nadler was driving and in which Yetta Nadler, wife of Abraham Nadler, was riding, came into collision with an automobile of Sam Schoenstein by reason of which collision the plaintiff's wife sustained severe personal injuries. Thereafter plaintiff instituted an action against Charles E. Nadler for damages for loss of consortium of his wife and secured a verdict against the defendant, upon which judgment was rendered, no part of which had been paid. The

petition further averred that by reason of the laws of the State and particularly §9510-4, GC, there is due the plaintiff from the defendant New Amsterdam Casualty Company, the sum of $2500.00, the amount of the judgment with interest for which he prays judgment. The Casualty Co. demurred to the petition, which demurrer was sustained in the trial court, judgment entered against the company, which judgment was affirmed by the Court of Appeals. Error was prosecuted to the Supreme Court which reversed the judgment of the Appellate Court. The sections under consideration were:

"Sec 9510-3, GC.—In respect to every contract of insurance made between an insurance company and any person, firm or corporation by which such person, firm or corporation is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such person, firm or corporation is responsible, whenever a loss or damage occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage or death occasioned by such casualty."

"No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured, after the said assured has become responsible for such loss or damage or death, and any such cancellation or annullment shall be void."

"Sec 9510-4, GC.—Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in a legal action against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

The syllabi of the Nadler case say nothing whatever about any right of action

which was vested in the plaintiff save only that which was claimed by him under §9510-4, GC. However, we are unable to reconcile the judgment of the Supreme Court upon any other theory than that it was determinative of any and all rights that the plaintiff had to institute a direct action against the Insurance Company. From the statement of the court as to the terms of the policy it protected the insured from liability arising from the negligent operation of his automobile. This was broad enough in our judgment to have brought the damages suffered by the plaintiff for which the insured was liable within the terms of the policy. The judgment against the insured constituted the basis of the right of action of the insured against the insurer.

The plaintiff, the injured person, based his right of action not only under §9510-4, GC, but also "by reason of the laws of the State."

It appears from an examination of the opinion of the Court of Common Pleas on the trial of this case, 25 **O.N.P.**, (N.S.), 572, that no consideration was given to the allegation of the petition "by reason of the laws of the State." Clearly, this averment was put in issue by the answer and we must assume that the Supreme Court passed upon the question. The Supreme Court then determined that the plaintiff had no such right in the very first paragraph of the opinion, wherein it said that the answer to the question required a consideration and interpretation of the provisions of §§9510-3 and 9510-4, GC. Thus by implication holding that if there was no right of action under these sections, there was no right of action at all. If the plaintiff in the Nadler case did not have a cause of action against the Insurance Company under the laws of the State, then the plaintiff in the instant case has no cause of action against the insurer.

The opinion of Judge Jenkins of the Common Pleas Court in the Nadler case arrests attention and it is, indeed, difficult to avoid the logic of his conclusion that the husband, within the terms of §§9510-3 and 9510-4, GC, "suffered damage on account of bodily injury" of his wife. However, the Supreme Court has come to a different conclusion of the matter and its determination must be accepted. Though there was a very close question whether or not Nadler came within the express language of §9510-3, GC, there is no doubt that the plaintiff in this case does not come within the language of the statute or any intendment thereof and

such is not claimed by counsel for plaintiff.

Were the matter presented one of first impression, unaffected by the Nadler case, we would tend strongly toward the position of the plaintiff because of the common knowledge that in practical application the benefits of an insurance policy such as the one under consideration are for a third person—the injured person. But for the opinion of the Supreme Court §§9510-3 and 9510-4, GC, might well be held to have application to an indemnity form of contract as distinguished from a liability form of contract. In the indemnity form of insurance the right of action of the insured would not accrue until there had been an actual loss suffered under the terms of the policy. A judgment against the insured would not be sufficient but §§9510-3 and 9510-4, GC, employing the form of language commonly used in indemnity contracts requires that they shall be construed as liability contracts. However, such construction is not permitted in the light of the opinion of the Supreme Court in the Nadler case.

Discussing the general rule, 36 **C.J.**, 1129, says:

"One who suffers injury which comes within the provisions of a liability insurance policy, is not in privity of contract with insurer, and cannot reach the proceeds of the policy for the payment of his claim by an action directly against insurer, unless such recovery is permitted by statute, or by the express provisions of the policy."

Clearly there is no provision of statute permitting the action and an examination of the provisions of the policy; in the light of the Nadler case, discloses none which authorizes, or in our judgment contemplates an action by the injured person. Certain portions of the policy are quoted as indicative of a purpose to permit such an action. However, they may easily be reconciled upon a counter theory and unless it clearly appears that the parties contemplated that the contract was for the benefit of a third party and intended to accord to him the right of action against the insurer such construction should not be indulged. We appreciate the equities which exist in favor of the injured party plaintiff in the instant case. That his right to institute the action against the insurer would be salutary and proper could be urged with much force upon the legislature and could properly be the subject of enabling statutory enactment. However, until the Nadler case is explained or overruled, we

would not feel justified in asserting that the plaintiff now has such right.

We consider some of the cases from other jurisdictions cited by counsel for plaintiff in their comprehensive brief.

Slavens v Standard Acc. Ins. Co., 27 F. (2d), 859, first syllabus:

"Whether contract of insurance is an indemnity contract against actual loss, or is a contract of insurance against liability for loss or damage, depends on intention of parties, as evinced by phraseology of agreement or covenant in policy, there being a marked difference between contract of insurance against loss and one against liability."

The policy under consideration read in part that the company agreed to indemnify the insured "as well as any person or persons while riding in or legally operating" said automobile for a term of one year "against loss from the liability imposed by law upon him or them and for damages on account of bodily injury accidentally sustained by any person while riding in said automobile or legally operating" the same. The court construed this language to mean that the injured party was granted the right to maintain a direct action against the Insurance Company. This case comes more nearly paralleling the facts in the instant action than any cited and is authority to support the contention of the plaintiff.

In Finkelberg v Continental Casualty Co. (Wash.), 219 Pac., 12, the court held that, "a third person beneficially interested in a contract, may maintain an action to recover thereon, even though the identity of the third person may not be known at the time of the execution of the contract."

The policy provided among other things that,

"No action shall be maintained against the company to recover a loss covered by this policy unless brought after the amount of such loss shall have been fixed either by a final judgment against the assured by the court of last resort after trial of the issue or by agreement between the parties with the written consent of the company."

The policy contained this further significant language:

"The insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injuries sustained or loss occasioned during the life of the policy, and, in case execution against the assured is returned unsatisfied in an action brought by the injured person, or his or her personal representatives in case death results from the accident, because of such insolvency or bankruptcy, an action may be maintained by such injured person, or his or her personal representatives, against the company under the terms of the policy for the amount of the judgment in said action not exceeding the amount of the policy.

In no event shall any action be maintained against the company by the assured, **or any other person**, unless brought within two years after right of action accrues."

(Black face ours).

A judgment was taken by default against the insured by the injured person, execution was issued and returned unsatisfied because of the insolvency of Tanaka. Thereafter, the action was brought by the injured person, the judgment creditor, against the Insurance Company. The court sustained the action, citing a number of cases suporting the syllabus heretofore quoted. The terms of the policy are broader than the Boda policy.

Capelle v United States Fidelity & Casualty Co. (N. H.), 120 Atl. 556, was a contract of insurance, the phraseology of which is much like the policy in the instant case. It was there determined that the policy was a liability contract and that the insured was entitled to sue the insurer as soon as a judgment had been recovered against him on a claim covered by the policy. This action was instituted by the administrator of an individual who had been injured by an insured, under conditions which the court held made the company liable after judgment rendered against the insured. The action was sustained but there is not one word discussing our question and the issue drawn seemed to be restricted to a determination whether or not the policy was an indemnity contract or a liability contract. The case is helpful only inferentially.

Fentress v Ruthledge (Royal Indemnity Co., Garnishee), (Va.), 125 SE, 668, holds that when a judgment has been secured in favor of an injured person against the insured, the injured person may maintain proceedings in garnishment against the insurer to subject the proceeds of the policy due to the insured. The opinion proceeds upon the theory that the condition of the policy under which the insurer was liable had occurred and that therefore there was a debt due from the Insurance Company to

the insured which by garnishment could be subjected to the claim of the judgment creditor against the insured. This action is based upon a theory different from that adopted in the case at bar.

Riley v Linden et, (Minn.), 186 NW, 121, presented facts very similar to Fentriss v Rutledge and the court reaches the same conclusion. The action was in garnishment, which is an action grounded upon statutory authority.

Some of the states have statutes authorizing action such as is instituted by the plaintiff in the case at bar. We have not had time to examine many of them but do find that Wisconsin has such a statute. Ohio has no such statute.

Although several of the opinions which we have heretofore cited from other jurisdictions lend support to the position of the plaintiff here, being of opinion that the Nadler case is controlling, we cannot accept them as authority for support of this judgment.

The judgment of the trial court will therefore be reversed and final judgment entered for plaintiff in error, the State Automobile Insurance Company, defendant below.

KUNKLE and BARNES, JJ, concur.