**FIRE ASSN. OF PHILADELPHIA v STATE AUTOMOBILE MUTUAL INSURANCE CO.**

Ohio Appeals, 9th Dist, Summit Co

No 2929.  Decided Jan. 26, 1938

136

H. A. Waltz, Akron, and Harter, Olds & Jarboe, Akron, for appellant.

Musser, Kimber & Huffman, Akron, for appellee.

## OPINION

By DOYLE, J.

This is an appeal on questions of law from the Municipal Court of the city of Akron, which court rendered judgment for the defendant, the appellee herein.

It appears from the bill of exceptions and the admitted facts in the pleadings that the plaintiff in the court below, the appellant here, by its policy of insurance agreed to indemnify one Paul Rinker for loss and damage occasioned by collision to his automobile. The appellee, by its policy of insurance, agreed to insure and indemnify one M. C. McCallister for all liability imposed by law upon him by reason of the ownership and operation of his automobile.

In August of 1935, McCallister, while operating his car in a negligent manner, struck the car owned and operated by Rinker. As a result of the accident, Rinker's car was badly damaged and both he and his wife received personal injuries.

The appellee insurance company, which had insured McCallister, subsequently settled McCallister's liability to Rinker and his wife, by paying to them the sum of $4,000: $400 for property damage, and $3600 for personal injuries.

By virtue of the provisions of the policy of insurance given Rinker by the appellant company, it paid to Rinker, after the collision, the sum of $587, and took possession and ownership of his car, and at the same time received from him the following "subrogation receipt":

"Received of the Fire Association of Philadelphia, the sum of Five Hundred Eighty-seven and no/100 Dollars ($587), being in full of all claims and demands for loss and damage by collision occurring on the 2nd day of August, 1935, to the property insured by Policy A1 Notice of Insurance No. 404658 of said company, and in consideration of such payment, the undersigned hereby assigns and transfers to the said company each and all claims and demands against any person, persons, corporation or property, arising from or connected with loss or damage (and the said company is subrogated in the place of and to the claims and demands of the undersigned against said person, corporation or property in the premises) to the extent of the amount above named.

"Signed at Akron, Ohio, this 21st day of August, 1935.

"Paul Rinker.

"In the presence of
George Roderick
Geo. D. Martin."

The answer of the appellee admitted that written notice was given by appellant to appellee that it had secured an assignment of Rinker's claim against McCallister for the property damage; the proof disclosed that McCallister had likewise been notified. Both notifications were given before the settlement was made.

It is the claim of the appellant that, in a direct suit against the appellee company, it can recover, on its subrogation agreement hereinbefore set forth, the amount paid Rinker in settlement for property damage.

Ohio cases establish the rule that a creditor may assign his claim to a third party, if done so by virtue of a valid contract; and if the debtor has been given notice of such assignment, he cannot, without liability therefor, compromise or settle the obligation with the assignor, and defeat the claim of the assignee against the debtor on his assignment.

Can this rule be applied against an insurance company which has settled its assured's liability with the assignor after it has received notice of the assignment of the claim from the assignee?

The record of this case contains neither the policy of liability insurance issued McCallister by the appellee company, nor any evidence disclosing its terms and conditions. The pleadings admit only that a "policy of automobile public liability insurance" was issued by the company, "whereby it agreed to insure and indemnify the said M. C. McCallister in accordance with the terms thereof."

In the absence of evidence, we cannot assume that the policy contained provisions for a direct suit against the insurer company by a third person or his assignees. There is no evidence herein showing a contractual provision whereby a third person is authorized to sue the insurance company direct.

The assignee of the claim in issue stands in the shoes of his assignor and possesses no greater rights and is subject to all of the infirmities inherent in the assignor. It is therefore apparent that, in the absence of statutory authority, the plaintiff has no right of action in this case against the defendant.

The only statutes urged are the following:

"Sec. 9510-3.___In respect to every contract of insurance made between an insurance company and any person, firm or corporation by which such person, firm or corporation is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such person, firm or corporation is responsible, whenever a loss or damage occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured, after the said assured has become responsible for such loss or damage or death, and any such cancellation or annullment shall be void."

"Sec. 9510-4. Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage to a person on account of bodily injury to his wife, minor child or children if the defendant in such action was insured against loss or damage at the time when rights of action arose, the judgment creditor or his successor in interest shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the

138

judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law."

Neither of these sections authorizes a direct action by the injured person or his assignee against the insurance company without first reducing the claim against the assured to judgment. Such judgment was not obtained in this case. We are therefore of the opinion that the judgment rendered by the trial court was correct.

Judgment affirmed.

STEVENS, PJ, and WASHBURN, J, concur.