AMERICAN AUTOMOBILE INSURANCE CO. *v.* POWERS.

1. AUTOMOBILES—TITLE—SALESMAN FOR AUTOMOBILE SALES AGENCY.
   Title of automobile *held*, not in defendant salesman at time of accident, where registered title was in a person not involved in the litigation and was subject to chattel mortgage lien in favor of automobile sales agency, defendant's employer, and undisputed facts show car was furnished by employer to defendant and used by him in and about its business and with its consent and that it reserved the right and authority to sell it at any time.

2. INSURANCE—EXTENDED COVERAGE INDORSEMENT, DEALERS' FORM—AUTOMOBILE SALESMAN.
   Automobile insurer which paid judgment against one insured under policy containing extended coverage indorsement, dealers' form, so as to cover a person operating a car with its express or implied permission, not only discharged liability of named insured, an automobile sales agency, but also its salesman who was driving the car at time liability was incurred in the business of the company with its permission and under its control, hence driver was not liable in any amount to insurer which had been subrogated to insured's rights under the policy (1 Comp. Laws 1929, § 4648).

Appeal from Calhoun; Hatch (Blaine, W.), J. Submitted October 5, 1939. (Docket No. 64, Calendar No. 40,614.) Decided December 19, 1939. Rehearing denied February 14, 1940.

Case by American Automobile Insurance Company, a foreign corporation, as assignee of Cushman Auto Sales Company, a Michigan corporation, against Otto Powers for amount paid to satisfy a judgment against defendant and plaintiff's assignor

in an action arising out of an automobile collision. Judgment for plaintiff. Defendant appeals. Reversed and judgment ordered entered for defendant.

*Dwight W. Fistler* and *Charles J. Spaulding,* for plaintiff.

*George A. Winkler* and *Kelley, Sessions, Warner & Eger,* for defendant.

POTTER, J. Plaintiff sued defendant, alleging that January 31, 1936, defendant was operating a 1935 Chevrolet sedan, the engine and serial number and model of which is mentioned and described in plaintiff's declaration, upon trunkline highway M-78 in Branch county about a mile south of the junction of M-78 and trunkline highway M-60, at or about which point he had a collision with the automobile of one Charles W. Odell who was operating his automobile on the highway at the same time and place; that defendant was employed by the Cushman Auto Sales Company, a Michigan corporation, of Battle Creek, and was operating his automobile in and upon the business of the Cushman Auto Sales Company; that thereafter Charles W. Odell instituted action in the circuit court for Calhoun county against defendant and the Cushman Auto Sales Company and recovered a judgment in the sum of $6,100; that upon appeal of that cause to this court, the judgment was affirmed, *Odell* v. *Powers,* 284 Mich. 201; that April 12, 1938, execution was levied against the Cushman Auto Sales Company which thereupon paid the judgment of $6,100, and $536.92 in addition as interest and costs, in full satisfaction of the judgment and execution; that the judgment against defendant Otto Powers was founded upon

his own negligence and upon the relationship existing between him and the Cushman Auto Sales Company and without any negligence upon the part of the Cushman Auto Sales Company; that the payment made by the Cushman Auto Sales Company to Charles W. Odell of the amount of the judgment, interest and costs, was the direct result of and in consequence of the negligence and liability of the defendant Otto Powers; that plaintiff had, prior to the accident, issued to the Cushman Auto Sales Company its policy of insurance and in accordance with the terms of the policy paid to the Cushman Auto Sales Company the amount of the judgment, with costs, and was subrogated to the right of the Cushman Auto Sales Company in accordance with the terms of the policy and by an assignment of all claims and rights of action of the Cushman Auto Sales Company against defendant. Attached to plaintiff's declaration is a copy of the assignment of the claim of the Cushman Auto Sales Company to plaintiff.

Defendant answered and alleged in his defense that it did not appear from the pleadings and proofs in the original case that the accident was caused without concurring negligence on the part of the Cushman Auto Sales Company. He alleged the fact to be that on the occasion of the accident the weather was excessively stormy, the highways drifted with snow, icy and slippery, that there was a continued drifting and driving of snow, that the circumstances rendered the operation of the automobile by defendant as required by the Cushman Auto Sales Company extremely hazardous and dangerous, all of which was well known to the Cushman Auto Sales Company, its officers and agents, and that it assumed the risk of the operation of the automobile

by defendant and was negligent in directing defendant to make the trip in question under the circumstances, and that the negligence of the defendant Cushman Auto Sales Company proximately caused the accident upon which the judgment was founded; that the pleadings and proofs alleged the liability of the Cushman Auto Sales Company in the original action to be by reason of the ownership of the automobile driven by defendant and the liability provided in 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446). Defendant denied that as to him plaintiff had become subrogated to any rights of the Cushman Auto Sales Company under such circumstances as would or could entitle plaintiff to recover against him. He alleged that at the time of the accident he was operating the automobile belonging to the Cushman Auto Sales Company with the full knowledge, consent, and at the direction of the Cushman Auto Sales Company in connection with its business. He alleged that as a part of the agreement under which he was employed by the Cushman Auto Sales Company, it was to procure public liability and property damage insurance for defendant and keep him protected and covered by public liability and property damage insurance as to the risks and hazards of his employment. He alleged the policy issued by plaintiff to the Cushman Auto Sales Company contained an extended coverage indorsement under which plaintiff, as insurer, agreed to insure and protect defendant and other employees of the Cushman Auto Sales Company against public liability and property damage claims, which policy did and does cover and protect defendant as against liability asserted against him in the original action by said Charles W. Odell. Defendant alleged further that plaintiff was and remains the insurer of

the defendant with respect to the liability of defendant upon the judgment referred to in its declaration; that plaintiff was estopped to assert liability of defendant to plaintiff; that when plaintiff paid the amount of the judgment, and costs, as alleged in its declaration, it satisfied the judgment for the benefit of defendant, and such payment inured to the benefit and protection of defendant, and there is no outstanding liability to be asserted by plaintiff against defendant either by subrogation or assignment; that because of the payment and satisfaction of the original judgment by plaintiff, directly or indirectly, or by the payment of the amount thereof by the plaintiff to the Cushman Auto Sales Company, defendant became released and discharged from any and all liability to plaintiff and the Cushman Auto Sales Company as to the liability asserted against him by the plaintiff in its declaration.

Reply was filed to this plea.

An amended answer by defendant was filed which shows that, at the time of the accident and collision above referred to, he was operating an automobile belonging to the Cushman Auto Sales Company, or one R. R. Freeman, with the full knowledge, consent, and at the direction of the Cushman Auto Sales Company and in connection with the business of the Cushman Auto Sales Company.

The trial court, at the conclusion of the testimony, entered a judgment in favor of plaintiff and against defendant for $6,636.92, together with costs and charges to be taxed.

The policy of insurance issued by plaintiff to the Cushman Auto Sales Company contained an extended coverage indorsement, dealers' form, which provided that plaintiff agreed:

"To extend the insurance provided by this policy so as to be available in the same manner and under

the same conditions as it is available to the assured named herein

"(a) to any person while operating, with the express or implied permission of the named assured, any automobile owned by the named assured, but no automobile shall be construed to be owned by the named assured, if, in fact, it is the personal property of an officer of a corporation named as assured herein, or a copartner in a firm named as assured herein, or of an employee of the named assured or of any member of the family of such officer, copartner or employee; nor shall any automobile be construed to be owned by the named assured if it is being sold on any time payment or partial payment plan."

The question whether plaintiff is entitled to recover against defendant depends upon whether the policy of insurance issued by plaintiff to the Cushman Auto Sales Company by its terms extended coverage to the defendant Powers at the time of the accident.

Under the undisputed facts, at the time of the accident Powers was an employee of the Cushman Auto Sales Company, operating the automobile in the business of the company with its permission and under its control in connection with the business of operating an automobile sales agency, garage and service station. Abstract of the title to the Chevrolet sedan operated by defendant Powers at the time of the accident, out of which the original action against him by Odell arose and this case arises, is as follows: April 12, 1935, certificate of title thereof issued to C. W. Duncan, showing a chattel mortgage lien in favor of Cushman Auto Sales Company in the sum of $450; July 27, 1935, transfer of title to Cushman Auto Sales Company; July 31, 1935, reassignment of title by Cushman Auto Sales Company to R. R. Freeman; July 31, 1935, application

by R. R. Freeman for certificate of title pursuant to the above reassignment; August 14, 1935, certificate of title issued to R. R. Freeman, showing a chattel mortgage lien in the sum of $800 in favor of Cushman Auto Sales Company; June 11, 1936, transfer of title by R. R. Freeman to Cushman Auto Sales Company; June 11, 1936, reassignment of title by Cushman Auto Sales Company to E. L. Barclay; June 11, 1936, application for certificate of title by E. L. Barclay. The undisputed facts show this automobile was furnished by the Cushman Auto Sales Company to defendant Powers and used by him in and about the business of the Cushman Auto Sales Company, he agreed to pay for the automobile, his account was charged $50 on the books of the company, but the Cushman Auto Sales Company retained the right and authority to sell this automobile at any time it wanted to. The title to such automobile was never in defendant Powers, and he was not the owner thereof. *Endres* v. *Mara-Rickenbacker Co.,* 243 Mich. 5; *Ittleson* v. *Hagan,* 245 Mich. 56; *Bos* v. *Holleman DeWeerd Auto Co.,* 246 Mich. 578; *Kelly* v. *Lofts,* 253 Mich. 552; *Scarborough* v. *Detroit Operating Co.,* 256 Mich. 173; *Schomberg* v. *Bayly,* 259 Mich. 135; *Kruse* v. *Carey,* 259 Mich. 157; *Kimber* v. *Eding,* 262 Mich. 670; *Tanis* v. *Eding,* 265 Mich. 94; *LaHay* v. *Nelson,* 273 Mich. 435; *Tanis* v. *Eding,* 274 Mich. 288. We think it clear under the undisputed facts that the liability of both the Cushman Auto Sales Company and defendant was covered by the policy of insurance issued by plaintiff and that, by the payment of the Odell judgment by plaintiff, it paid and discharged the liability not only of the Cushman Auto Sales Company, but of defendant Powers; and defendant

Powers is, therefore, not liable to plaintiff in any amount.

Judgment reversed, with costs to defendant, and cause remanded for entry of judgment of no cause of action.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.