**BUILDERS & MFRS. MUT. CASUALTY CO. v. PREFERRED AUTOMOBILE INS. CO.**

No. 8491.

Circuit Court of Appeals, Sixth Circuit.

March 14, 1941.

William A. Finn, of Toledo, Ohio, and E. R. Diehm, of Cleveland, Ohio (Klein & Diehm and Lester J. Farber, all of Cleveland, Ohio, on the brief), for appellant.

Wilbur E. Benoy, of Columbus, Ohio (Harry E. Rodgers, of Grand Rapids, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from an order dismissing a supplemental petition filed under Section 9510-4, General Code of Ohio. The facts in the main are not in controversy.

On October 17, 1933, Dwight W. Hummon, of Findlay, Ohio, while engaged in hauling interstate freight in his own automobile truck for the Buffalo and Ohio Transfer Company, from Buffalo, New York, to Cleveland, Ohio, collided with an automobile upon State Route No. 20 in Ashtabula County, Ohio, killing Ida Olle and seriously injuring J. R. Van Norman, occupants of the automobile, and damaging his own truck. At the time of the accident Hummon carried insurance issued by the appellee, the Preferred Automobile Insurance Company, a Michigan corporation, providing indemnity for public liability, property damage, and collision, and $157.73 was paid to Hummon under this policy for property damage. The Preferred policy carried limits for public liability of $5,000 for injury or death of one person, and $10,000 for more than one person. The Buffalo and Ohio Transfer Company, in compliance with the requirements of the Public Utilities Commission of Ohio applicable to interstate trucking operations, carried a blanket insurance policy payable on the gross receipts payment plan covering public liability, with a $25,000 to $50,000 limit, issued by the appellant, an Illinois corporation.[1]

Actions were filed by Van Norman and the administrator of Ida Olle in the state court in Ashtabula County, Ohio, against the Transfer Company, in which actions Hummon was not joined as party defendant. These actions were settled and dismissed at the instance of the Mutual Company, which paid Van Norman $6,500 and the administrator of Ida Olle $2,500. Upon settlement, releases were executed by the respective plaintiffs, discharging Hummon as well as the Mutual Company from any and all causes of action growing out of the accident.

On April 17, 1935, the Mutual Company filed an action in the District Court of the Northern District of Ohio against Hummon, praying judgment in the amounts theretofore paid in settlement of the state court litigation, together with $750 attorneys' fees. Hummon failed to appear in person or by counsel when the case was called for trial in the District Court, and on October 5, 1937, judgment was entered on behalf of the appellant in the sum of $9,750, with interest. Meanwhile, the Mu-

[1] In this opinion the appellant is called the Mutual Company, to distinguish it from its successor, the Builders and Manufacturers Casualty Company (called the Casualty Company).

tual Company had on June 5, 1937, reinsured its business, transferred all of its assets to the Casualty Company, and thereupon surrendered its charter.

On December 29, 1937, the Casualty Company filed a supplemental petition in the instant case against Hummon and made the appellee a party defendant, seeking to recover from it the judgment against Hummon which was unsatisfied. Later the Casualty Company went into liquidation, and Ernest Palmer, Director of Insurance of the State of Illinois, who had been appointed liquidator, applied to amend the entry of judgment in the original proceedings against Hummon by substitution of the Casualty Company for the Mutual Company, which motion was taken under advisement. Evidence was taken at the hearing, bearing upon the questions (1) whether the appellee had notice of the pendency of the federal case against Hummon; (2) whether the Preferred policy applied to the trucking operation involved in the accident, and (3) whether Hummon was insured by the Mutual policy. The court did not rule upon these questions, but granted appellee's motion for judgment on the pleadings and the evidence, and thereupon dismissed appellant's petition upon the ground that the appellant was not authorized to maintain the supplemental proceeding under the Ohio statute.

The section in question, Section 9510-4, General Code of Ohio, with its amendments, reads as follows:[2]

"Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, *for loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage to a person on account of bodily injury to his wife, minor child or children* if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor *or his successor in interest* shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor [may proceed in a legal action against the defendant and the insurance company] *or his successor in interest,* to reach and apply the insurance money to the satisfaction of the judgment, *may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law.*"

It was the theory of the District Court that the purpose of the Legislature in enacting the amended statute was to give to the judgment creditor or his successor in interest in the original tort action the right to reach and apply the insurance money to the satisfaction of the judgment. It decided that the appellant should have joined Hummon in the original tort action in the state court, and if a judgment had there been secured, should then have filed a supplemental petition in that suit. The court concluded that since the appellant had neither obtained a judgment against Hummon in that controversy nor filed a supplemental petition in the original tort action, it was precluded from asserting a claim against the appellee in the instant case.

The appellant urges that the decision ignores the amendment, 115 Ohio Laws 403, § 1, which broadened the scope of the relief offered by the statute. It contends that it filed its action in the District Court relying upon the established rule that an employer has a cause of action against an employee whose negligence has caused him damage; that the accident was caused by Hummon's negligence, and that under the uncontradicted facts Hummon was the employee of the Buffalo and Ohio Transfer Company. It asserts that under the contract of insurance with the Transfer Company it is subrogated to all rights which the Transfer Company has against Hummon. Appellant urges that since it paid the sums agreed upon in settlement because of the claims arising out of the accident in which Hummon's car was operated and the operation was specifically

---

[2] The portions of the statute italicised constitute the amendment made by 115 Ohio Laws p. 403, § 1. The language in brackets was omitted in the amendment.

insured by the appellee, the statute offers a remedy available to itself as well as to the party injured or his representative. The District Court held that the remedy was available only to the party injured or to his successor in interest.

 Appellant contends that it is the successor in interest of the Transfer Company in the original actions in the state court, and hence entitled to file the supplemental petition. This contention, however, ignores the fact that no judgment was entered in those cases. Section 9510-4 requires the application of the proceeds of the insurance to the satisfaction of an existing judgment, and is available only when a final judgment has been entered against the insured. Canen v. Kraft, 41 Ohio App. 120, 180 N.E. 277; State Automobile Mutual Ins. Co. v. Columbus Motor Express Co., 15 O.L.A. 747; Fire Ass'n of Philadelphia v. State Automobile Mutual Ins. Co., 29 O.L.A. 135. Appellant filed no supplemental petition in the action in the state court, and this fact also precludes it from securing relief as the successor in interest to the claims filed in the state court, for Section 9510-4 requires the filing of a supplemental petition in the action "in which said judgment was rendered."

 The appellant also urges that the statute authorizes its supplemental petition because it is the judgment creditor in this case filed against Hummon in the District Court, in which the appellant filed a supplemental petition joining the appellee as party. The District Court held that the statute did not cover the alleged injury resulting to the appellant from the payment of the amounts agreed upon in the settlements, but did not in its opinion consider this particular contention. Assuming, but not deciding, that the amended statute is broad enough to permit appellant to file the supplemental petition, because the amendment makes the remedies of Section 9510-4 available to any person, firm, or corporation for "loss or damage on account of loss or damage" to its "tangible or intangible property," the judgment must be affirmed upon the uncontradicted facts of the record. The case was disposed of upon appellee's motion for judgment on the pleadings "and the evidence." While it is true that this was a law case tried to the court after waiver of jury trial, the questions here were fully presented and are reviewable on appeal. United States v. Jefferson Electric Co., 291 U.S. 386, 389,

407, 54 S.Ct. 443, 78 L.Ed. 859. The question whether the evidence was sufficient to warrant the judgment is a reviewable question of law here, as both parties moved for judgment on the evidence at the close of the case. McLaughlin, Collector v. Pacific Lumber Co., 293 U.S. 351, 55 S.Ct. 219, 79 L.Ed. 423.

 Taking into consideration the record as a whole, the judgment must be affirmed for the reason that when the Mutual Company settled the state suits by payment of the amounts agreed upon, it discharged its own primary liability, and cannot now recover the identical amount which it agreed in its contract of insurance to pay.

When the accident occurred Hummon was driving for the Buffalo and Ohio Transfer Company, which was insured by a blanket policy covering public liability, required by the Public Utilities Commission of Ohio (Cf. Section 614-115, General Code of Ohio), and carrying an endorsement made a part of the policy. The endorsement covered all equipment operated under the certificate with or without specific description. The stated purpose of the endorsement was "to make certain during the term of said policy and any renewal thereof the liability of the company to any person injured in person or property by the negligence of the insured as hereinafter set forth." Particularly relevant here is the following clause:

"The term Named Assured shall be construed to include the interests of the owners and operators of hired cars and/or trailers and of independent contractors, but only while such commercial automobiles and/or trailers are being operated in the interest of or under contract to the Named Assured."

Hummon therefore was insured under the blanket policy, whether he be considered employee, or independent contractor. The Mutual Company paid its own liability for the thing against which it had directly insured the Transfer Company when the settlements were consummated. It was primarily liable under the policy, and made the payments either in recognition of its liability or as a volunteer. In neither case can it recover from its own insured the payment made under its contract of insurance. The rule that an insurer who has paid the loss resulting from a peril insured against may be subrogated to all

the claims which the insured may have against any person by whose negligence the injury was caused does not apply in a case where the injury was caused by the negligence of the insured himself. Globe Ins. v. Sherlock, 25 Ohio St. 50. Cf. American Automobile Ins. Co. v. Powers, 291 Mich. 306, 289 N.W. 170; Lake Erie & W. R. Co. v. Falk, 62 Ohio St. 297, 306, 56 N.E. 1020.

In view of these considerations, it is unnecessary to decide the other questions presented by the appellant.

The judgment is affirmed.