Joseph A. Gavagan, J.
Plaintiff, Mattera, purchased a truck from defendant, Mack, in April, 1959, under a conditional sales contract. The terms of this contract provided that until the full purchase price would be paid ownership of the truck was *257 to be in Mack, although Mattera would have possession and use, and, further, that Mattera would procure insurance to protect the interests of Mack and Mattera against théft and various other risks.
Subsequently, in March, 1960, in accordance with his rights under the manufacturer’s warranty, Mattera brought the truck into the premises of Mack for repairs. When Mattera returned two days later to regain possession of the truck, it was discovered that it had been stolen while in Mack’s possession. In time a claim was made under the policy of insurance which Mattera had procured in accordance with the terms of the conditional sales contract, and both Mattera and Mack were paid as their interests appeared. The insurer claims subrogation to the rights of Mattera.
Now suit is brought in the name of Mattera against Mack, as a negligent bailee, for the loss of the truck. It is conceded that it is the insurer, as subrogee, who is bringing the suit in Mattera’s name.
The parties have agreed to a stipulated statement of facts; but there remains an issue of law which is decisive.
Defendant contends that the insurer, as subrogee of Mattera, cannot recover against Mack because Mack was one of those insured under the policy.
The general rule applicable to subrogation is that the insurer, on paying for the loss under the policy, is subrogated in a corresponding amount to the insured’s right of action against any other person responsible for the loss. On the other hand, absent special circumstances not now relevant, there can be no subrogation against one who is insured under the policy (6 Apple-man, Insurance, § 4054 [1962 Supp.]; Western States Mut. Ins. Co. v. Standard Mut. Ins. Co., 167 N. E. 2d 833 [Ill.]; Miller v. Kujak, 4 Wis. 2d 90; Louisiana Fire Ins. Co. v. Royal Ind. Co., 38 So. 2d 807 [La.]; Builders & Mfrs. Mut. Cas. Co. v. Preferred Auto. Ins. Co., 118 F. 2d 118, 121; American Fid. & Cas. Co. of Richmond, Va. v. Zurich Gen. Acc. & Liab. Ins. Co., 70 F. Supp. 613, 618).
Thus the status of Mack, under the policy, is decisive here. Mattera procured the insurance for his own benefit and that of Mack as their interests may appear, in compliance with the conditions of the contract of sale. Mattera is named on the policy as the named assured. The certificate of insurance annexed to the policy shows- that the insurer undertook to pay any loss or damage “ as interest may appear to the assured and mack trucks ihc. and/or its assigns ”. Clearly the parties to this contract of insurance considered Mack as more than a mere *258 named payee under this policy. As the Court of Appeals of this State said in Fields v. Western Millers Mut. Fire Ins. Co. (290 N. Y. 209, 212-213): “ When an insurance policy names the owner of goods as the insured with a ‘ loss payable to mortgagee ’ clause, and there is no other provision as to the mortgagee or in his favor, the mortgagee is a mere nominee of the owner-insured to receive the insurance moneys. (Grosvenor v. Atlantic Fire Ins. Co. 17 N. Y. 391.) When a policy contains additional language to the effect that it is issued to the owner and the mortgagee ‘ as their interests may appear ’ then there is recognized and covered also, the insurable interest of the mortgagee, to the extent of his interest * * * to that extent the insurance is for the mortgagee’s benefit. (Pitney v. Glens Falls Ins. Co., 65 N. Y. 6.) ”
A case upon all fours with that before the court is Federal Ins. Co. v. Tamiami Trail Tours (117 F. 2d 794) wherein it was held: “there is no room to subrogate the insurer to the rights of one insured to defeat another insured in the face of the undertaking to insure both. The appellant insured the whole value of the bus in favor of all the persons interested as their interests might appear. When and if it pays any or all of them, it will have done only what it ought to do ’ ’.
It is obvious, therefore, that when this insurance was procured, it was intended by all parties to protect the interests of both Mattera and Mack. Consequently, for purposes of subrogation, Mack and Mattera stand in the same shoes: the
insurer may no more sue Mack as the subrogee of Mattera than it could sue Mattera (if he had been the negligent party) as the subrogee of Mack. The complaint must be dismissed.