CHENOWETH MOTOR CO., INC., ET AL., *v.* COTTON.

(No. 7606—Decided March 11, 1965.)

*Messrs. Harshman, Young, Colvin & Alexander,* for plaintiffs.

*Messrs. Miller, Finney & Clark,* for defendant.

HAGLER, J.  This case arises out of an automobile accident in which the defendant was driving a car loaned to him by plaintiff Chenoweth Motor Company while the defendant's own automobile was being repaired.

The case was submitted to the court on agreed facts, which establish that the defendant negligently caused the damage to the automobile loaned to him by plaintiff Chenoweth Motor Company.

Thereafter, the vehicle was repaired at a cost of $142.70. Plaintiff Chenoweth Motor Company paid for the first $100 of the repairs, and pursuant to a policy of collision insurance, plaintiff Ohio Farmers Insurance Company paid the balance of $42.70 for the repairs.  This action was then brought by Chenoweth Motor Company and Ohio Farmers Insurance Company to recover for the damage caused to the vehicle loaned to the defendant.

The defendant, it is clear, was a bailee of the Chenoweth Motor Company automobile and as such, owed the owner of the vehicle an obligation to exercise reasonable care over the property entrusted to him.  It is agreed by the parties that the de-

fendant failed to exercise the required degree of care, and judgment is therefore rendered in favor of Chenoweth Motor Company for the $100 it spent in repair of the vehicle.

The rights of Ohio Farmers Insurance Company in this matter arise out of its contract of insurance with Chenoweth Motor Company and among other portions of the policy, "persons insured" were defined as "any other person, but only if no other valid and collectible automobile liability insurance * * * is available to such person," who operates the insured vehicle with permission of the insured.

It was stipulated by the parties that the defendant, who was the bailee of the Chenoweth Motor Company car, would have testified that he had automobile liability insurance through Nationwide Mutual Insurance Company, by a policy which contained the normal bailee's exclusion for damage to "property for which I am legally obligated, except for injury to or destruction of property owned by, rented to, in my charge, or transported by me."

It is therefore clear that the defendant is an insured, by definition, in Ohio Farmers' own contract, and it is axiomatic that Ohio Farmers has no subrogation rights against the negligence of its own insured. In support hereof see *Great American Ins. Co.* v. *Curl* (1961), 88 Ohio Law Abs. 516, a decision of the Second District Court of Appeals; and *Zurich General Accident & Liability Ins. Co., Ltd.,* v. *Liberman* (1947), 47 Ohio Law Abs. 300.

If the instant action by Ohio Farmers Insurance Company were to be allowed, it would clearly be permitting an insurance company to avoid a coverage of its own insured, which the insured had previously paid for.

Judgment is therefore accordingly rendered in favor of the defendant and against Ohio Farmers Insurance Company on the subrogation claim of the latter.

*Judgment accordingly.*