AETNA CASUALTY & SURETY COMPANY, APPELLANT, *v.* URBAN IMPERIAL BUILDING & RENTAL CORPORATION, APPELLEE.

(No. 12903—Decided April 8, 1987.)

*Matthew J. Koch* and *Samuel A. Yannucci,* for appellant.

*Warren W. Gibson,* for appellee.

GEORGE, J. A fire occurred at the residence located at 345 Broad Boulevard in Cuyahoga Falls, Ohio. There was extensive damage to the

residence and its contents. The residence was titled in the name of Urban Imperial Building & Rental Corporation ("Urban Imperial"), defendant-appellee, and was occupied by Anthony Mauro, president of Urban Imperial, and his wife, Ruth Mauro. Aetna Casualty & Surety Company ("Aetna"), plaintiff-appellant, insured the property, listing Urban Imperial, Anthony Mauro and Ruth Mauro each as named insureds under the terms of the policy.

As a result of the fire, Aetna paid $57,200 to Anthony and $3,750 to Ruth for the loss of their personal property and resultant interim living expenses. Aetna then obtained releases from these two insureds, and had them execute an assignment to Aetna as to their claims against the tortfeasor. Aetna also paid Urban Imperial $93,769 for the damage to the residence and obtained a release from it.

Several facts are relevant to an understanding of Aetna's pursuit of this case and its appeal. Aetna issued a standard homeowner's policy to the Mauros, naming Urban Imperial as an additional insured. In addition to this coverage, Urban Imperial had a comprehensive general liability policy with Midwestern Group which insured it for liabilities resulting from its acts of negligence.

After Aetna paid under the policy, it sought subrogation against Urban Imperial for those damages paid to the Mauros resulting from Urban Imperial's negligence since the fire to the residence was caused by Urban Imperial employees who were attempting to remove old paint from the exterior of the structure with hot irons and blow torches. The trial court granted summary judgment against Aetna and in favor of Urban Imperial, stating:

"The court finds that Imperial was an insured as defined under Aetna Policy No. 2SH 4316702 PCA on June 30, 1982. When a insurer has paid a loss which was insured, the insurer has no cause of action against the named insured for negligence. * * *

"Permitting the plaintiff, Aetna, to seek subrogation against defendant, Imperial, would be allowing an insurance company to avoid coverage of its own insured, which the insured had previously paid for.* * *''

Aetna argues that the trial court erred in granting summary judgment against Aetna on its subrogation claim against Urban Imperial. This court disagrees and affirms.

No right of subrogation exists where the tortfeasor is also an insured under the policy which gives rise to the right of subrogation. 44 American Jurisprudence 2d (1982) 785, Insurance, Section 1795; *Great American Ins. Co. v. Curl* (App. 1961), 88 Ohio Law Abs. 516, 18 O.O. 2d 481, 181 N.E. 2d 916. See, also, 59 Ohio Jurisprudence 3d (1985) 284, 287, Insurance, Section 1205. In the *Curl* case the mother of one of the insureds drove a car so as to damage the insureds' garage. Great American paid the insureds for the damage to the garage and then filed suit against the mother based upon its right of subrogation for her negligence. The mother answered claiming that she was an "insured" under the policy because she was a "relative" who resided in the household. The trial court and the court of appeals both found that an insurer does not have a cause of action against one of its "insureds" for negligence. The law of this case has not been overruled in Ohio.

In *Chenoweth Motor Co.* v. *Cotton* (M.C. 1965), 2 Ohio Misc. 123, 31 O.O. 2d 298, 207 N.E. 2d 412, the insurance company attempted to collect damages from the bailee of an insured vehicle for damages which were caused by the bailee's negligence. However, the insurance contract with the bailor ex-

tended coverage to any other person who was "uninsured," which, in that case, included the bailee. The court held that the insurance company was prohibited from recovering damages from its own "insured," the bailee.

Here, the trial court did not err. The summary judgment is, therefore, affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and CACIOPPO, J., concur.