OPINION
On January 26, 1997, the Craig family was involved in an automobile accident which was caused by Charles Craig's negligence in rear-ending a tractor-trailer. Craig's wife, Ruth, son, Matthew, and daughter, Kathryn, were all passengers at the time of the collision. Everyone was knocked unconscious at impact except Kathryn. Kathryn was also the first to be removed from the family's van by some people from a local truck stop. Shortly thereafter, Ruth Craig was removed and was taken to the truck stop to join her daughter. Both were then transported to the emergency room of a local hospital.
Some time later, Matthew arrived at the hospital, but he was immediately transported to Children's Hospital in Columbus. A few hours after the accident, a sheriff finally arrived at the hospital and told Ruth that her husband had been killed. Ruth then explained the news to Kathryn, who said she already heard this from some paramedics at the accident scene.
All three surviving family members filed a claim under the uninsured motorist coverage on Charles Craig's policy with Grange Mutual Insurance. Ruth suffered an ankle sprain, cervical strain, and contusions to her knee and her head. Kathryn had a minor abrasion on her neck. Matthew's injuries were more serious and were settled before trial. In addition to their physical injuries, Ruth and Kathryn have also presented claims for negligent infliction of emotional distress.
About a week before trial, Grange filed a motion in limine requesting that no evidence be admitted regarding claims for negligent infliction of emotional distress as they were not covered under the policy. The court overruled the motion on the record prior to trial. Subsequently, trial was held on February 1 and 2, 1999, at which time a jury found in favor of both Plaintiffs on their physical injury claims and their emotional distress claims. Plaintiffs were later awarded prejudgment interest accruing from October 21, 1997, which was the date the complaint was filed.
Grange Insurance Company now appeals the judgments of the trial court, raising the following three assignments of error:
 The trial court erred in allowing Plaintiffs to pursue an uninsured motorist claim against Grange when the Plaintiffs destroyed Grange's right of subrogation.
 The trial court erred in allowing Plaintiffs to pursue a claim of negligent infliction of emotional distress, as such damages are not covered under Grange's policy which covers only "bodily injury" or "property damage."
 The trial court erred in awarding prejudgment interest on the Plaintiff's award from October 21, 1997, the date Plaintiffs filed their complaint.
 I
Grange first argues that Plaintiffs' uninsured motorist claims should not have been allowed because Charles Craig was not named in the lawsuit, thus destroying Grange's right of subrogation. Citing Bogan v. Progressive Casualty Ins. (1988),36 Ohio St.3d 22, Grange contends that the duty to pay an uninsured motorist claim is contingent on the insured's preservation of subrogation rights against the tortfeasor. Because Charles Craig's estate was not named as a defendant in the lawsuit and the statute of limitations has since expired, Grange cannot pursue subrogation against Mr. Craig.
As an initial point we note that Bogan has been modified and explained by McDonald v. Republic Franklin Ins. Co. (1989),45 Ohio St.3d 27. In Bogan, the Ohio Supreme Court held that if the insured settles with the tortfeasor without consent of the uninsured/underinsured motorist carrier, the carrier will not be required to pay. As a result, the insured had the burden to protect the carrier's subrogation rights. By contrast, McDonald
held that the insured must notify the uninsured/underinsured carrier of a settlement offer. However, if the carrier does not respond in a reasonable amount of time, its subrogation rights are waived. Therefore, the insured and insurer now share the burden of preserving subrogation rights.
However, even if Bogan were applicable, Grange has no right of subrogation against Mr. Craig's estate. Specifically, "[n]o right of subrogation exists where the tortfeasor is also an insured under the policy which gives rise to the right of subrogation." Aetna Cas. Sur. Co. v. Urban Imperial Bldg. Rental Corp. (1987), 38 Ohio App.3d 99, 101. Since Mr. Craig was an insured under Grange's policy, Grange has no cause of action against him for negligence. Id. Naming Mr. Craig's estate as a defendant in this action would have been fruitless. Consequently, the trial court correctly allowed the Craigs to maintain this action for uninsured motorist coverage against Grange. In light of the above discussion, Appellant's first assignment of error is overruled.
 II
In the second assignment of error, Grange contends that claims for negligent infliction of emotional distress are not covered by the uninsured motorist coverage provision in the policy. According to Grange, the policy only covers damages for "property damage" and "bodily injury," which does not include emotional distress.
A claim for negligent infliction of emotional distress can be recovered in Ohio where "a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." Paugh v.Hanks (1983), 6 Ohio St.3d 72, paragraph 3a, syllabus. Further, the Supreme Court recognized in Paugh that a negligent infliction of emotional distress claim can succeed without contemporaneous physical injury if the emotional distress is severe and debilitating, and is reasonably foreseeable. Id.
However, in the present case, the question is not whether the common law elements of emotional distress have been met, but is instead whether the insurance company is required under the contract to pay such a claim. If contract language is clear and unambiguous, its interpretation is a matter of law to be reviewedde novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107,108. Moreover, any undefined words found in an insurance contract must be given their plain and common meaning. Id.
The uninsured motorist coverage provision in the Craigs' policy states that Grange "will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. bodily injury suffered by the insured and caused by an accident[.]" "Bodily injury" is defined as "bodily harm, sickness or disease, including death that results."
Insurance companies are required pursuant to R.C. 3937.18 to provide uninsured and underinsured motorist coverage to their insureds. Any restriction on this coverage by the insurance companies must comply with the purpose and requirements of the statute. State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397,399. The purpose of the statute is to protect insureds against losses which would have been recoverable but for the tortfeasor's lack of insurance. Erie Insurance Co. v. Favor
(Sept. 3, 1998), Franklin App. No. 97APE12-1693, unreported, p. 2. R.C. 3937.18 provides that the insurance policy must protect against loss for "bodily injury, sickness, or disease, including death," which is identical to Grange's policy language. Consequently, the Grange policy is in compliance with R.C. 3937.18
and is enforceable. The question then becomes whether emotional distress is covered under the definition for "bodily injury" found both in the statute and in the Grange policy.
Several courts, including this one, have concluded that claims for emotional distress are not covered under definitions of bodily injury in insurance policies which are similar or identical to the definition in the present case. See Reichard v. NationwideMut. Fire Ins. Co. (Dec. 10, 1992), Montgomery App. No. 13392, unreported (home buyer claimed emotional distress when home was condemned for termite infestation); Bowman v. Holcomb (1992),83 Ohio App.3d 216, 219 (mother claimed emotional distress after witnessing her daughter being pinned under a car); Erie Ins. Co.v. Stalder (1996), 114 Ohio App.3d 1, 8 (man and his girlfriend both claimed emotional distress after man was involved in a fight at another's place of business); Bernard v. Cordle (1996),116 Ohio App.3d 116, 120 (husband witnessed his wife sustain serious injuries in a motorcycle accident as he followed behind her on his motorcycle); Dickens v. General Acc. Ins. (1997), 119 Ohio App.3d 551,553 (woman claimed emotional distress as a result of wrongful discharge).
As recently as this year, this Court has addressed the issue of emotional distress claimed under a definition of bodily injury similar to the one contained in the Grange policy. Snell v.Katafias (Mar. 19, 1999), Montgomery App. No. 17440, unreported. In Snell, we examined several Ohio court rulings and agreed with the clear majority that bodily injury does not encompass claims for emotional distress. Id. In an earlier case, we recognized that the modifier "bodily" refers to all of the words in the definition, i.e., "harm," "sickness," and "disease." Reichard,supra at p. 3. Consequently, even when a policy definition includes the terms "sickness" and "disease," emotional distress is not intended to be covered. Furthermore, the Tenth District has specifically addressed posttraumatic stress disorder and has found that it does not fit within the definition of bodily injury.Favor, supra.
In the present case, both Ruth and Kathryn Craig may have valid claims for negligent infliction of emotional distress that would be recognized by Ohio tort law. However, based on the foregoing discussion, these damages are not covered under Grange's uninsured motorist coverage provision. Accordingly, Grange's second assignment of error is sustained.
 III
Finally, Grange contends that the trial court erred in allowing prejudgment interest accruing from the date the Craigs filed their complaint, October 21, 1997. A trial court's decision to allow prejudgment interest will not be reversed absent an abuse of discretion. Scioto Memorial Hospital Assn., Inc. v. PriceWaterhouse (1996), 74 Ohio St.3d 474, 479. The Supreme Court held in Landis that R.C. 1343.03(A) controls prejudgment interest awards in uninsured motorist cases. Landis v. Grange Mut. Ins. Co.
(1998), 82 Ohio St.3d 339, 341. In this regard, R.C. 1343.03
provides:
 [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten percent per annum * * *
Clearly, based on the above statute, Grange owes prejudgment interest. Bad faith is not required. Instead, money must simply become due and payable upon the insurance contract. The question in this case then is when the money became due and payable, which is also in the discretion of the trial court. Landis, supra. Specifically, the Supreme Court stated:
 Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine.
Id.
In this regard, courts have arrived at several different points in time when money becomes due and payable in uninsured motorist cases. One view is that the benefits become due and payable at the time of injury. The Landis Court upheld the trial court's decision that the uninsured motorist benefits became due and payable as soon as the insured reported his or her injury.Id. at 341. The Tenth District also found that benefits were due and payable at the time the injury occurred. Lovejoy v.Westfield Nat. Ins. Co. (1996), 116 Ohio App.3d 470, 477. A second view espoused by the Sixth District is that the money becomes due and payable "when it is determined by a court, arbitrator, or by agreement of the parties that such a loss is covered." Myers v. Century Ins. Cos. (1997), 119 Ohio App.3d 277,286; Stacy v. Nationwide Mut. Ins. Co. (Feb. 27, 1998), Erie App. No. E-96-053, unreported, at p. 10. Still another court determined that prejudgment interest did not become due and payable until the jury verdict was rendered, thereby precluding an award of prejudgment interest altogether. Eagle Am. Ins. Co. v.Frencho (1996), 111 Ohio App.3d 213, 221.
The wide variance in these cases demonstrates the broad discretion allowed by the Supreme Court in Landis for the trial court to set the time uninsured motorist benefits become due and payable. Moreover, this decision of the trial court will not be disturbed absent an abuse of this discretion. Abuse of discretion exists when the trial court acts with an unreasonable, arbitrary, or unconscionable attitude. State ex rel. First New ShilohBaptist Church v. Meagher (1998), 82 Ohio St.3d 501, 503. In the present case, the trial court determined that the money became due and payable when the Craigs filed their complaint on October 21, 1997. It was at this time, the trial court stated, that "the nature of the claim took on sufficient form that a demand could be formally made." Craig v. Grange Ins. Co. (May 12, 1999), Montgomery C.P. No. 97-7747, unreported. The filing of the complaint falls within the realm of time pinpointed in the various cases cited above.
We find that the trial court did not abuse its discretion in awarding prejudgment interest from the date of the complaint. Accordingly, Appellant's third assignment of error is hereby overruled., Appellant's first and third assignments of error have been overruled, and the second assignment of error has been sustained. Consequently, the judgment of the trial court is Reversed regarding the damages awarded for negligent infliction of emotional distress, and Affirmed as to the damages for physical injury and prejudgment interest on those damages that has accrued since the date the complaint was filed.
GRADY, P.J., and WOLFF, J., concur.
Copies mailed to:
Michael K. Murry, Matthew E. Ice, Paul J. Winterhalter, Michael W. Sandner, Hon. Jeffrey Froelich.