OPINION
 STATEMENT OF THE FACTS AND CASE {¶ 1} This cause arose from an automobile accident which took place on January 9, 1987, in which Appellant Jeffrey Pilo, then nine years old, was a passenger in an automobile being driven by his father, Frank Pilo, Jr. Mr. Pilo negligently made a left turn from the right hand lane of a four lane divided highway and was struck by a truck which was lawfully proceeding in the same direction in the left lane.
 {¶ 2} As a direct result of the collision, Appellee Jeffrey Pilo sustained permanent, serious injuries.
 {¶ 3} Appellee Liberty Mutual has stipulated that Frank Pilo, Jr.'s negligence was a proximate cause of Appellant's injuries and that Appellant Jeffrey Pilo has not been fully compensated by the $100,000.00 policy limit payment made under a liability insurance policy Frank Pilo, Jr. had with Nationwide Mutual Insurance Company.
 {¶ 4} At the time of the collision, Frank Pilo, Jr. was employed by The Warren Rupp Company, a subsidiary of Houdaille Industries, Inc. which was insured under three policies of insurance issued by Liberty Mutual Insurance Company: a Business Automobile policy, a Commercial General Liability policy and an Umbrella Excess policy.
 {¶ 5} The Business Automobile policy provides a per-person coverage limit of $1,000,000.
 {¶ 6} The Umbrella Excess policy coverage limit is $3,000,000.00 per person.
 {¶ 7} On October 3, 2001, Appellant filed a Complaint with Ashland County Court of Common Pleas for money damages and declaratory judgment as to his entitlement to underinsured motorist coverage under these three policies of insurance issued by Liberty Mutual Insurance Company. Said complaint was later amended to include a claim for medical payments benefits and an underinsured claim for the same injuries under the homeowner's policy issued to Appellant's parents by Defendant Nationwide Mutual Fire Insurance Company.
 {¶ 8} Cross-motions for summary judgment were filed between Appellant and Appellee Liberty Mutual and Nationwide Fire.
 {¶ 9} The trial court stayed the cross-motions of Appellant and Nationwide Fire pending a decision by the Ohio Supreme Court in Lemm v.The Hartford (2001), 93 Ohio St.3d 1475.
 {¶ 10} On August 23, 2002, the trial court overruled Appellant's Motion for Partial Summary Judgment and granted Appellee's Motion for Summary Judgment. Said Entry was refiled as a Nunc Pro Tunc Entry on August 29, 2002 and then again on September 9, 2002, to include the language "there is no just reason for delay."
 {¶ 11} It is from this decision which Appellant appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 12} "The trial court erred as a matter of law in overruling plaintiff's motion for partial summary judgment and in granting defendant Liberty Mutual Insurance Company's motion for summary judgment, therein finding that plaintiff violated consent to settle and notice provisions and impaired defendant's subrogation rights. (decision and judgment entry [of August 23, 2002], P.4; nunc pro tunc and judgment entry [of August 29, 2002], P. 4; and second nunc pro tunc decision and judgment entry [of September 29, 2002], P. 4.)"
 SUMMARY JUDGMENT STANDARD {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280. See, also, Ormet Primary Aluminum Corp.v. Employers Insurance of Wassau (1999), 88 Ohio St.3d 292. We will apply the aforesaid standard of review to Appellant's Assignment of Error.
 {¶ 14} Appellee based its motion for summary judgment on the following: (1) breach of the terms of the policy; (2) destruction of Appellee's subrogation rights; (3) late notice of the accident/claim; (4) no coverage to family members by operation of law; and (5) Appellant being "not legally entitled to recover" against tortfeasors.
 The Business Auto Policy {¶ 15} As in the case of Scott-Pontzer v. Libert Mut. Fire Ins. Co., 85 Ohio St.3d 666, 1999-Ohio-292, the UM/UIM coverage in the instant policy included the language "You or any family member." We therefore find that Frank Pilo, Jr. was an insured under the UM/UIM coverage as was his son, Appellant Jeffrey Pilo, at the time of the accident.
 {¶ 16} The trial court, in its entry granting summary judgment in favor of Liberty Mutual, found that Appellant breached its contract with Appellee by his "lack of timely notice and resultant failure to give Liberty the opportunity to subrogate." (August 23, 2002, Judgment Entry at 4). The trial court applied this reasoning to all three policies.
 {¶ 17} Under the clear mandate of Bogan v. Progressive CasualtyInsurance Co. (1988), 36 Ohio St.3d 22, paragraph four of the syllabus, subrogation provisions are enforceable in uninsured/underinsured motorist claims: "Based upon the established common law and further strengthened by the specific statutory provision, R.C. 3937.18, a subrogation clause is reasonably includable in contracts providing underinsured motorist insurance. Such a clause is therefore both a valid and enforceable precondition to the duty to provide underinsured motorist coverage."
 {¶ 18} Appellant settled with the tortfeasor on January 4, 1988 without notifying Liberty Mutual.
 {¶ 19} Subrogation and notice provisions are enforceable contract conditions, which, when breached, would prevent an insured from being entitled to coverage.
 {¶ 20} Subrogation is defined as: "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." Black's Law Dictionary (6 Ed. 1990) 1427. Therefore, subrogation allows the insurer to stand in the shoes of the injured party and exercise the injured party's right to sue the tortfeasor.
 {¶ 21} However, an insurer cannot seek recovery from its own insured pursuant to a subrogation clause. Chenoweth Motor Co., Inc. v.Cotton (1965), 2 Ohio Misc. 123.
 {¶ 22} To allow Liberty Mutual to do so would clearly be permitting an insurance company to avoid a coverage of its own insured, for which the insured had previously paid. Id. See also Aetna Cas. Sur. Co. v. Urban Imperial Bldg. Rental Corp. (1987),38 Ohio App.3d 99, 100.
 {¶ 23} We further do not find to be credible Appellee's argument that its right to pursue subrogation against the other driver, James Long, was compromised. Appellee's own subrogation specialist conceded that Liberty Mutual would not pursue subrogation against a potential tortfeasor who is less than 50% negligent. (See Deposition of Sharon Lavine, p. 13-14). Appellee admits that the negligence of Appellant's father Frank Pilo, Jr. was the proximate cause of Appellant's injuries.
 Umbrella Policy {¶ 24} Under the umbrella policy in the case sub judice, coverage is provided for bodily injury and claims for damages covered by an "underlying policy". The business auto policy is an underlying policy.
 {¶ 25} Appellant having been found to be an insured under the business auto policy is also an insured under the umbrella policy.
 {¶ 26} While this umbrella policy does not contain UM/UIM coverage, such is created by operation of law. Scott-Pontzer, supra.
 "Legally entitled to recover" {¶ 27} Appellee argues that Appellant is not "legally entitled to recover" pursuant to the following policy provision:
 {¶ 28} B. WE WILL PAY
 {¶ 29} We will pay all sums the insured is legally entitle to recover as damages from the owner or driver of an uninsured motor vehicle because of bodily injury cause by an accident . . .
 {¶ 30} However, in the case sub judice, we are dealing with an underinsured claim, not an uninsured claim. The policy language applicable to underinsured claims does not include the "legally entitle to recover" language, and reads as follows:
 {¶ 31} If this insurance provides a limit in excess of the amounts required by the applicable law where a covered auto is principally garaged, we will pay only after all liability bonds or policies have been exhausted by judgments or payments.
 {¶ 32} It is stipulated that Appellant exhausted the underinsured tortfeasor's $100,000.00 policy limit under a liability insurance policy Frank Pilo, Jr. had with Nationwide Mutual Insurance Company.
 {¶ 33} We therefore find Appellee's argument under this theory not well-taken.
 {¶ 34} Based on the foregoing, we find that the trial court erred in sustaining Appellee's motion for summary judgment and hereby reverse the trial court's ruling and remand same for proceedings consistent with this opinion.
By: Boggins, J., Gwin, P.J. and Wise, J. concur.
Topic: UM/UIM coverage, subrogation rights against own insured.