**INDIANA INSURANCE COMPANY, Appellee,**

v.

**BARNES, Appellant.**

[Cite as *Indiana Ins. Co. v. Barnes*, 165 Ohio App.3d 262, 2005-Ohio-6474.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–380.

Decided Dec. 6, 2005.

Reminger & Reminger Co., L.P.A., and Michael J. Valentine, for appellee.

Lane, Alton & Horst, L.L.C., Rick E. Marsh, and Joshua R. Bills, for appellant.

TRAVIS, Judge.

{¶ 1} Appellant, Roland K. Barnes, appeals the March 17, 2005 judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of appellee, Indiana Insurance Company.

{¶ 2} The following factual and procedural background is gleaned from a joint stipulation filed by the parties for consideration on summary judgment. On September 10, 1999, an automobile accident occurred when Barnes negligently struck a vehicle driven by Robert Zarlino. Barnes admitted responsibility for the accident.[1] Following the accident, Zarlino filed an action against Barnes in the

---

1. At the time of the accident, Barnes was driving his own vehicle and had a personal automobile insurance policy through Allstate Insurance Company.

Franklin County Court of Common Pleas to recover damages for personal injury. The lawsuit was designated case No. 01CVC01–223.

{¶ 3} During litigation, Barnes's employer, Gauer Contractors, Inc., was named as a party defendant on the basis that Barnes was working within the course and scope of his employment at the time of the accident. The case proceeded to a jury trial against Barnes and Gauer under theories of negligence and respondeat superior. During the trial, Zarlino dismissed Barnes as a defendant, and the case continued against Gauer. The jury returned a verdict in favor of Zarlino in the amount of $30,425. Indiana Insurance Company, as Gauer's insurer, paid $33,425.01 in satisfaction of that judgment.[2]

{¶ 4} On November 14, 2003, Indiana commenced the present case by filing a complaint against Barnes in the common pleas court. Indiana brought the suit as the "insurer, assignee and subrogee" of Gauer seeking to recover the amount paid to Zarlino pursuant to the above judgment. Indiana's complaint premised recovery on contribution or indemnification. Barnes filed an answer and counterclaim, which sought a declaratory judgment declaring that he was an insured under Indiana's policy and that Indiana was not entitled to subrogate against him as an insured.

{¶ 5} On October 15, 2004, Indiana filed a motion for summary judgment. The motion asserted that Barnes was actively negligent in causing Zarlino's injuries, while Gauer was liable solely under the doctrine of respondeat superior. Therefore, Indiana reasoned that as Gauer's subrogee, it was entitled to indemnification from Barnes.

{¶ 6} Barnes responded that because he was within the course and scope of his employment at the time of the accident, he was an insured under the Indiana policy. Because he was an insured, Indiana has no right of subrogation against him. Further, there is no language within the Indiana policy that would permit Indiana to collect an amount paid on behalf of an insured from an insured.

{¶ 7} In its motion for summary judgment, Indiana presented the issue of primary versus secondary insurance policies as an additional theory of recovery against Barnes. Comparing the language of the Indiana policy with that of Barnes's personal policy with Allstate Insurance Company, Indiana argued that its coverage was in excess of the coverage provided by Allstate. Thus, Indiana contended that it was not required to pay Zarlino's judgment because that judgment did not exceed the applicable limits of Barnes's Allstate policy.

{¶ 8} Countering, Barnes submitted that Indiana's attempt to distinguish between primary and secondary coverage was misplaced. Instead, Barnes

---

2. Indiana's payment represents the amount of judgment plus accumulated interest.

argued that Indiana was required to defend both of its insureds, Gauer and Barnes, for the negligent acts insured against in its policy. When Zarlino dismissed Barnes as a defendant, the jury returned a verdict against Gauer only. Accordingly, Barnes reasoned that Indiana, as Gauer's insurer, was the only insurance provider bound by that judgment. Because the Indiana policy contained no language that would permit it to seek payment from its insured, Barnes, Barnes's personal policy through Allstate was not invoked.

{¶ 9} On March 1, 2005, the trial court issued a decision sustaining Indiana's motion for summary judgment. The trial court found that Barnes was an insured under the plain language of Indiana's insurance contract with Gauer. The court also observed that the Indiana policy contained no express contract for indemnification, but that implied indemnification might be relevant. Without expressing whether that theory applied, the court began a discussion regarding which insurance policy was primary and which was secondary: the Indiana policy issued to Gauer or Barnes's Allstate policy.[3] Applying *Motorists Mut. Ins. Co. v. Lumbermens Mut. Ins. Co.* (1965), 1 Ohio St.2d 105, 30 O.O.2d 428, 205 N.E.2d 67, the trial court concluded that Allstate's policy was primary and Indiana's was excess. The court thus sustained Indiana's motion for summary judgment. On March 17, 2005, the court journalized its decision in a final, appealable order.

{¶ 10} Barnes filed a timely appeal from that judgment and raises the following issues as assignments of error:

Whether Indiana Insurance Co., Appellee, can seek indemnification from a named insured.

Whether the trial court's entry awarding costs and interest pre-dating judgment is appropriate.

{¶ 11} Appellate review of a trial court's decision on summary judgment is de novo. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. We must independently review the record to determine whether summary judgment was appropriate. *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. Pursuant to Civ.R. 56, summary judgment is properly granted only when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there are no genuine issues of material fact and that the

---

**3.** The court's decision states that, during oral arguments held on the motion, the parties indicated that the "real issue" was which insurance was primary versus secondary. However, it is clear that Barnes argued in the trial court that Indiana could not subrogate against its own insured. Barnes made this argument not only in his counterclaim but also in his memorandum contra summary judgment. Further, Barnes's appeal is based on the issue of whether Indiana has a right to subrogate against its own insured. Thus, a primary issue remains as to whether an insurance company can sue its own insured in pursuing indemnification.

moving party is entitled to judgment as a matter of law.  Civ.R. 56(C);  *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 12} The party moving for summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact regarding the essential elements of the claims presented.  *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264.  Conclusory assertions that the nonmoving party cannot prove its case are not sufficient to discharge this initial burden.  Id. at 293, 662 N.E.2d 264.  Similarly, once the burden is satisfied, one cannot prevent summary judgment by merely restating unsubstantiated allegations contained within the original pleadings.  Instead, the nonmoving party must demonstrate the continued existence of a genuine issue of material fact by directing the court's attention to relevant, affirmative evidence of the type listed in Civ.R. 56(C).  Id., citing Civ.R. 56(E).

{¶ 13} Indiana bases its right to recover from Barnes on two separate, yet related, theories.  The first is indemnification, and the second is subrogation.  Both concepts are integral to insurance law.

{¶ 14} "[W]here a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas, the person committing the wrongful act is primarily liable."  *Convention Ctr. Inn, Ltd. v. Dow Chem. Co.* (1990), 70 Ohio App.3d 243, 247, 590 N.E.2d 898.  The right of indemnity may result from an express agreement or contractual provision in which one party, who has been compelled to pay what the other party should have paid, reserves the right to require complete reimbursement.  *Worth v. Aetna Cas. & Sur. Co.* (1987), 32 Ohio St.3d 238, 240, 513 N.E.2d 253.  The right to indemnification may also be implied from a contractual agreement or relationship.  Id.  Here, there is no express indemnity agreement.  Thus, if any right to indemnification exists, it must be implied.

{¶ 15} An implied right to indemnification is recognized when the party committing the wrong is so related to a secondary party that the secondary party becomes liable for the wrongs committed solely by the other.  *Reynolds v. Physicians Ins. Co. of Ohio* (1993), 68 Ohio St.3d 14, 16, 623 N.E.2d 30, citing *Losito v. Kruse* (1940), 136 Ohio St. 183, 185, 16 O.O. 185, 24 N.E.2d 705.  Thus, an implied right to indemnification arises only within the context of a relationship wherein one party is found to be vicariously liable for the acts of a tortfeasor.  *Spalding v. Coulson* (1995), 104 Ohio App.3d 62, 75, 661 N.E.2d 197, citing *Reynolds,* supra, at 16, 623 N.E.2d 30.  In addition, the party seeking indemnifi-

cation must be passively, not actively, negligent. *Mahathiraj v. Columbia Gas of Ohio, Inc.* (1992), 84 Ohio App.3d 554, 564, 617 N.E.2d 737.

{¶ 16} The Ohio Supreme Court has recognized that implied indemnification may arise out of the master/servant relationship and the application of the doctrine of respondeat superior. In *Losito*, supra, the court held that an employer who is judged liable for personal injuries caused solely by the negligence of an employee may sue the employee to recover the damages paid on the employee's behalf. Id. at paragraph one of the syllabus. Here, implied indemnification would allow Gauer to collect the damages it was required to pay to Zarlino from Barnes.

{¶ 17} Therefore, to be able to recover from Barnes, Indiana must rely on the right of subrogation. Subrogation is defined as "[t]he substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." Black's Law Dictionary (8 Ed.2004) 1467. Specific to insurance law, subrogation is also defined as "[t]he principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy." Id. In essence, subrogation allows one person to stand in the shoes of another and to exercise the rights or privileges of that person.

{¶ 18} Indiana submits that, as the subrogee of Gauer, it stands in Gauer's position to assert Gauer's right of implied indemnification against appellant. However, Indiana's right to subrogation arises from its contractual relationship with Gauer. That relationship is defined within the issued insurance policy. Under the plain language of that policy, Barnes was a named insured at the time of the automobile accident. Given that fact, to allow Indiana to exercise Gauer's right to implied indemnification is tantamount to allowing Indiana to subrogate against its own insured. This runs contrary to the fundamental principle of insurance law. An insurer has no right of subrogation against its insured.

{¶ 19} It appears that the Ohio Supreme Court has not specifically addressed the situation that arises when an insurance company attempts to recover under a combined theory of implied indemnification and subrogation. Likewise, we have not had occasion to examine that specific issue. However, we find no precedent that allows a subrogated insurance carrier to sue its insured under a theory of implied indemnification.

{¶ 20} To the contrary, courts have consistently forbidden insurers from exercising a right of subrogation against their own insureds, regardless of the factual circumstances. In *Globe Ins. Co. v. Sherlock* (1874), 25 Ohio St. 50, 1874 WL 37, the Ohio Supreme Court addressed a situation in which the insured was

the owner of two separate vessels. One vessel that was operated by the insured's agents collided with the other, causing a loss. Though most of the opinion focused on the differentiation between a total loss and partial loss, the court also held:

The rule that an insurer who has paid the loss resulting from a peril insured against, may be subrogated to all the claims which the insured may have against any person by whose negligence the injury was caused, does not apply in a case where the injury was caused by the negligence of the insured himself.

Id. at paragraph three of the syllabus.

{¶ 21} Similarly, several of our sister appellate courts have addressed comparable circumstances, and each has held firm to the rule that an insurer has no right of subrogation against its own insured. "No right of subrogation exists where the tortfeasor is also an insured under the policy which gives rise to the right of subrogation," for an insurer has no cause of action against its insured for negligence. *Aetna Cas. & Sur. Co. v. Urban Imperial Bldg. & Rental Corp.* (1987), 38 Ohio App.3d 99, 100, 526 N.E.2d 819. See, also, *Pilo v. Liberty Mut. Fire Ins. Co.*, Ashland App. No. 02–COA–038, 2003-Ohio-662, 2003 WL 302405; *Craig v. Grange Ins. Co.* (Nov. 5, 1999), Montgomery App. No. 17675, 1999 WL 999799; *Fid. & Guar. Ins. Underwriters, Inc. v. Aetna Cas. & Sur. Co. of Illinois* (June 30, 1993), Lucas App. No. L–92–024, 1993 WL 241583.

{¶ 22} The United States Court of Appeals for the Sixth Circuit, applying Ohio law, further visited the issue under circumstances analogous to the immediate case. In *Builders & Manufacturers Mut. Cas. Co. v. Preferred Auto. Ins. Co.* (C.A.6, 1941), 118 F.2d 118, the Sixth Circuit was faced with the following case. Dwight Hummon was hauling interstate freight in his own truck on behalf of the Buffalo & Ohio Transfer Company when he negligently caused an accident, resulting in the death of one person and serious injury to another. At the time of the accident, Hummon carried personal auto insurance with Preferred Automobile Insurance Company, while the transfer company was insured by Builders' predecessor-in-interest pursuant to applicable requirements of the Public Utilities Commission of Ohio. The injured third parties, personally or through representatives, sued the transfer company for damages.[4] The transfer company's insurance provider settled the actions and paid a total of $9,000 to the plaintiffs.

{¶ 23} Subsequently, Builders filed an action against Hummon in the Northern District of Ohio seeking to recover the amounts paid in settlement, plus attorney fees. Hummon did not appear, and default judgment was entered in favor of Builders. Builders then attempted to recover the unpaid judgment from Preferred pursuant to G.C. 9510–4 (recodified in R.C. 3929.06). The district court

---

4. Hummon was not a named defendant.

held that under the language of the General Code, Builders was precluded from asserting a claim against Preferred.

{¶ 24} On appeal, the Sixth Circuit affirmed the district court and held that regardless of the applicability of G.C. 9510–4, Builders was precluded from recovery. The court found that Hummon was an insured under the blanket policy issued to the transfer company. Thus,

[Builders] paid its own liability for the thing against which it had directly insured the Transfer Company when the settlements were consummated. It was primarily liable under the policy, and made the payments either in recognition of its liability or as a volunteer. In neither case can it recover from its own insured the payment made under its contract of insurance. The rule that an insurer who has paid the loss resulting from a peril insured against may be subrogated to all the claims which the insured may have against any person by whose negligence the injury was caused does not apply in a case where the injury was caused by the negligence of the insured himself.

(Citations omitted.) Id., 118 F.2d at 121–122.

{¶ 25} Applying this long-standing rule of law to the present case, we hold that Indiana may not pursue its current claims against Barnes, its own insured. The principle of subrogation entitles an insurance company—which has paid damages. on behalf of its insured pursuant to a policy of insurance—to all the rights and remedies belonging to that insured against a third party. However, subrogation does not permit an insurer to stand in the shoes of one insured to recover losses occasioned by another insured under the same policy. To allow such a recovery would permit the insurer to avoid the risk it assumed by accepting the premiums paid by its insureds. *Pilo*, supra, at ¶ 22. Thus, as a matter of law, Indiana may not seek indemnity from Barnes through subrogation.

{¶ 26} Having held that Indiana may not recover from Barnes through subrogation combined with indemnification, we must now address Indiana's argument concerning primary and secondary insurance. The issue of priority of insurance policies arises when more than one policy of insurance covers the claim of an insured or more than one policy is obligated to pay damages on behalf of its insured. Here, Indiana contends that more than one policy is obligated to satisfy the judgment on Barnes's behalf: Indiana through the policy issued to Gauer and Allstate through the policy issued to Barnes.

{¶ 27} However, under the facts of this case, Allstate is under no obligation to pay. The judgment rendered in favor of Zarlino was secured against Gauer only. Barnes was dismissed as a separate defendant during the trial. Thus, as Gauer's insurance company, Indiana is the only insurance provider bound by that judgment. Additionally, since Indiana's effort to secure recovery from Barnes

through indemnification and subrogation fails, Allstate cannot be compelled to pay under Indiana's indemnification theory. With no language in Allstate's policy that would otherwise require it to pay damages on behalf of Barnes, Allstate is simply under no obligation to pay the judgment.

{¶ 28} Therefore, Allstate's policy does not apply to the judgment in any regard, let alone in a primary capacity. The trial court erred in applying priority without first ascertaining whether Allstate was obligated to pay the judgment. Accordingly, the trial court erred in granting Indiana's motion for summary judgment.

{¶ 29} In his second assignment of error, Barnes contends that the trial court's entry awarding costs and interest predating the judgment is improper. Because we hold that the trial court erred in granting summary judgment in favor of Indiana, the entry granting costs and interest will be vacated on remand. Barnes's second assignment of error is moot.

{¶ 30} Based on the foregoing, we find that the trial court erred in granting summary judgment in favor of Indiana and sustain Barnes's first assignment of error, rendering moot his second assignment of error. Accordingly, the trial court's judgment is vacated and reversed, and the cause is remanded with instructions to enter judgment in favor of Barnes.

Judgment reversed
and cause remanded.

BRYANT and PETREE, JJ., concur.